# In the United States District Court
## for the
## Western District of Texas

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | |
| | § | SA-13-CR-101-XR |
| MARTIN GOMEZ-HERRERA | § | |

## Order

On this day came on to be considered Defendant's motion to dismiss the indictment.

## Background

Martin Gomez-Herrera, is a native and citizen of Mexico. He was ordered removed from the United States on December 28, 2003.[1] On January 19 or 21, 2004, he was found in Laredo, Texas and charged with Illegal Entry in violation of 8 U.S.C. § 1325(a)(1).[2] On January 22, 2004 the Defendant entered a plea of guilty to that charge in the United States District Court for the Southern District of Texas, Laredo Division. The Defendant was sentenced to three years of probation.[3] He was deported from the United States back to Mexico the same day of his plea.[4]

Sometime after his January 22, 2004 deportation, the Defendant re-entered the United States. He was found in the United States by immigration officials on or about January 15, 2013.[5] On February 6, 2013, an indictment charging the Defendant with a violation of 8 U.S.C. § 1326(a) was filed in this cause.[6]

---

[1] Defendant's motion (docket no. 27, Exhibit A).
[2] *See* Response to Motion to Dismiss (docket no. 29, Exhibit 1).
[3] *Id*. at Exhibit 2.
[4] *Id*. at Exhibit 3.
[5] Defendant's motion (docket no. 27, Exhibit B).
[6] This indictment charges Defendant with illegally re-entering into the United States on or about January 15, 2013.

**Analysis**

Defendant, relying upon *U.S. v. Garcia-Moreno*, 626 F. Supp. 2d 826 (W.D. Tenn. 2009), argues that the five-year limitations period should begin running as of January 2004, and accordingly the indictment should be dismissed as time-barred.

In *Garcia-Moreno*, Garcia-Moreno, a native citizen of Mexico, was arrested in Collin County, Texas in 1999 for forgery and possession of a controlled substance. On March 9, 2000, officials arrested him in El Paso, Texas for using counterfeit immigration documents. He was deported to Mexico through expedited removal. On March 12, 2000, he was arrested after reentering the country through the border around El Paso. A border patrol agent signed and had Garcia-Moreno execute a form entitled "Notice of Intent/Decision to Reinstate Prior Order," which stated that the Defendant was "removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and therefore subject to removal by reinstatement of the prior order." On March 30, 2000, the United States District Court for the Western District of Texas convicted him of violating 8 U.S.C. § 1325(a)(1). On the same day, the Immigration and Naturalization Service ("INS") issued a warrant of removal or deportation against him, but it was not executed.

On July 17, 2002, the INS filed an immigration detainer with the detention center. Garcia-Moreno was transferred from Reeves County on July 19, 2002 to Collins County, Texas, where he served a six month sentence for earlier state law convictions for forgery and drug possession. He was thereafter released to United States officials after this sentence.

On October 15, 2008, Garcia-Moreno was arrested by Tennessee law enforcement officers for possession of marijuana with intent to sell or deliver, but these charges were later

dismissed. On November 6, 2008, an Immigration Enforcement Agent interviewed him at the Haywood County Jail in Brownsville, Tennessee. On November 17, 2008, a federal grand jury returned an indictment charging him with illegal reentry in violation of 8 U.S.C. §§1326(a) and (b).

The *Garcia-Moreno* court found that Garcia-Moreno had presented evidence that, more than five years prior to the indictment, federal authorities had actual knowledge on March 12, 2000, that he was an alien who was illegally in the country after previous deportation. *Garcia-Moreno*, 626 F. Supp. 2d at 835. The court rejected the argument that Garcia-Moreno was "found" on November 6, 2008, and rejected the Government's argument that the "found in" portion of § 1326 sets out a continuing offense. *Id.*

In addition, of significance to Gomez-Herrera's case, the *Garcia-Moreno* court held "that when an alien is 'found' for the purposes of § 1326, meaning that federal agents become aware he is illegally in the country, the offense is 'complete' and the limitations period begins to run. [citation omitted]. *Unless the alien is deported again*, to be 'found' a second time does not restart the statute of limitations or constitute a separate offense." *Id.* at 834 (emphasis added).

Unlike *Garcia-Moreno*, in this case Gomez-Herrera did not continuously stay in the United States. He was deported in 2004 and was not found again in the United States until 2013. Defendant argues that he was found in 2004 and that the Government at that time was required to charge him with a section 1326 violation. The Court finds no legal support for that argument. Defendant's latest illegal reentry gave rise to a new violation with a new limitations period. *See U.S. v. Morgan*, 380 F.3d 698 (2d Cir. 2004). This Court finds nothing in Section 1326 or the limitations statute, 18 U.S.C. § 3282, that provides otherwise. A review of Fifth Circuit cases likewise does not support Defendant's limitations argument. In *U.S. v. Gunera*, 479 F.3d 373

(5th Cir. 2007), the court found the indictment barred by limitations because the Government knew of the Defendant's presence in the United States since September 1999. Accordingly, an indictment charging him with being found in November 2004 was time-barred. *See also U.S. v. Compian-Torres*, 712 F.3d 203, 207 (5th Cir. 2013) ("A § 1326 offense 'begins at the time the defendant illegally re-enters the country and does not become complete unless or until the defendant is found by the [ICE] in the United States.' *United States v. Corro–Balbuena*, 187 F.3d 483, 485 (5th Cir. 1999). '[T]he five year statute of limitations under § 1326 begins to run at the time the alien is 'found,' barring circumstances that suggest that the [ICE] should have known of his presence earlier, such as when he reentered the United States through an official border checkpoint in the good faith belief that his entry was legal.'") (alterations in original).

**Conclusion**

Defendant's motion to dismiss the indictment is denied.

SIGNED this 16th day of July, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE